THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:20-cv-00083-MR

| | |
|---|---|
| CALVIN W. MULLIS, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ANDREW SAUL, ) <br> Commissioner of Social Security, ) <br> ) <br> Defendant. ) <br> _____ ) | **MEMORANDUM OF** <br> **DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Summary Judgment, [Doc. 7] and the Defendant's Motion for Summary Judgment [Doc. 11].

**I.     BACKGROUND**

On December 21, 2015, the Plaintiff, Calvin W. Mullis ("Plaintiff"), filed an application for disability and disability insurance benefits under Title II of the Social Security Act (the "Act") alleging an onset date of February 21, 2014. [Transcript ("T.") at 23]. The Plaintiff's claims were initially denied on June 23, 2016, and again denied upon reconsideration on January 3, 2017. [Id.]. On the Plaintiff's request, a hearing was held on November 19, 2018,

before an Administrative Law Judge ("ALJ"). [Id.]. On February 15, 2019, the ALJ issued a written decision denying the Plaintiff benefits. [Id. at 20].

On December 12, 2019, the Appeals Council denied the Plaintiff's request for review thereby making the ALJ's decision the final decision of the Commissioner. [Id. at 1]. The Plaintiff has exhausted all available administrative remedies, and this case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). "When reviewing a Social Security Administration disability determination, a reviewing court must 'uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence.'" Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015) (quoting Bird v. Comm'r, 699 F.3d 337, 340 (4th Cir. 2012)). Substantial evidence "means—and means only— such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Biestek v. Berryhill, 139 S. Ct. 1148, 1154, (2019)

(internal quotation marks omitted); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). Substantial evidence "consists of more than a mere scintilla of evidence but may be less than a preponderance." Pearson, 810 F.3d at 207 (internal quotation marks omitted).

"In reviewing for substantial evidence, [the Court should] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." Johnson, 434 F.3d at 653 (internal quotation marks and alteration omitted). Rather, "[w]here conflicting evidence allows reasonable minds to differ," the Court defers to the ALJ's decision. Id. (internal quotation marks omitted). To enable judicial review for substantial evidence, "[t]he record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). It is the duty of the ALJ to "build an accurate and logical bridge from the evidence to his conclusion." Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (citation omitted). "Without this explanation, the reviewing court cannot properly evaluate whether the ALJ applied the correct legal standard or whether substantial evidence supports his decisions, and the only recourse is to remand the matter for additional investigation and explanations." Mills v. Berryhill, No. 1:16-cv-00025-MR,

2017 WL 957542, at *4 (W.D.N.C. Mar. 10, 2017) (Reidinger, J.) (citing Radford, 734 F.3d at 295).

## III. THE SEQUENTIAL EVALUATION PROCESS

A "disability" entitling a claimant to benefits under the Social Security Act, as relevant here, is "[the] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Administration Regulations set out a detailed five-step process for reviewing applications for disability. 20 C.F.R. §§ 404.1520, 416.920; Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015). "If an applicant's claim fails at any step of the process, the ALJ need not advance to the subsequent steps." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citation omitted). The burden is on the claimant to make the requisite showing at the first four steps. Id.

At step one, the ALJ determines whether the claimant is engaged in substantial gainful activity. If so, the claimant's application is denied regardless of the medical condition, age, education, or work experience of the claimant. Id. (citing 20 C.F.R. § 416.920). If not, the case progresses to step two, where the claimant must show a severe impairment. If the claimant

4

does not show any physical or mental deficiencies, or a combination thereof, which significantly limit the claimant's ability to perform work activities, then no severe impairment is established and the claimant is not disabled. Id.

At step three, the ALJ must determine whether one or more of the claimant's impairments meets or equals one of the listed impairments ("Listings") found at 20 C.F.R. 404, Appendix 1 to Subpart P. If so, the claimant is automatically deemed disabled regardless of age, education or work experience. Id. If not, before proceeding to step four, the ALJ must assess the claimant's residual functional capacity ("RFC"). The RFC is an administrative assessment of "the most" a claimant can still do on a "regular and continuing basis" notwithstanding the claimant's medically determinable impairments and the extent to which those impairments affect the claimant's ability to perform work-related functions. Social Security Ruling ("SSR") 96-8p; 20 C.F.R. §§ 404.1546(c), 404.943(c), 416.945.

At step four, the claimant must show that his or her limitations prevent the claimant from performing his or her past work. 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 634. If the claimant can still perform his or her past work, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv); Mascio, 780 F.3d at 635. Otherwise, the case progresses to the fifth step where the burden shifts to the Commissioner. At step five,

5

the Commissioner must establish that, given the claimant's age, education, work experience, and RFC, the claimant can perform alternative work which exists in substantial numbers in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); Mascio, 780 F.3d at 635; Hines v. Barnhart, 453 F.3d 559, 567 (4th Cir. 2006). "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations." Mascio, 780 F.3d at 635. If the Commissioner succeeds in shouldering his burden at step five, the claimant is not disabled and the application for benefits must be denied. Id. Otherwise, the claimant is entitled to benefits.

## IV. THE ALJ'S DECISION

At step one, the ALJ found that the Plaintiff had engaged in substantial gainful activity from February 21, 2014, the alleged onset date, through December 9, 2015, but that the Plaintiff had not engaged in substantial gainful activity after December 9, 2015. [T. at 25-26]. The ALJ also found that the Plaintiff meets the insured status requirements through December 31, 2021. [Id. at 25]. At step two, the ALJ found that the Plaintiff has the following severe impairments: "status post cerebrovascular accident (stroke), obesity, depression, and anxiety." [Id. at 26]. The ALJ also found that the Plaintiff had severe deficits "left over from the stroke, blood clot in

6

the leg with IVC filter, frequent sleeping, and feeling overwhelmed in public." [Id.]. At step three, the ALJ determined that the Plaintiff does not have an impairment or combination of impairments that meets or medically equals the Listings. [Id.]. The ALJ then determined that the Plaintiff, notwithstanding his impairments, had the RFC:

> [T]o perform medium work as defined in 20 CFR 404.1567(c); can never climb ladders, ropes, or scaffolds; can frequently climb ramps and stairs; can frequently balance; can frequently reach overhead; can frequently handle and finger with the right upper extremity; can frequently be exposed to workplace hazards such as unprotected heights and dangerous, moving machinery; can understand, remember, and carry out simple instructions but not necessarily simple, routine, repetitive tasks meaning SVP 3 or less; can maintain attention and concentration for at least two hour periods sufficient to carry out simple tasks; can adapt to routine workplace changes at a non production rate pace; and can occasionally interact with the general public.

[Id. at 29].

At step four, the ALJ identified the Plaintiff's past relevant work as detective, animal control officer, deputy sheriff, police officer, and animal control receptionist. [Id. at 35]. The ALJ found that the Plaintiff is "capable of performing past relevant work as an animal control office receptionist" because that "work does not require the performance of work-related activities precluded by the claimant's residual function capacity." [Id.].

7

Alternatively, at step five, the ALJ concluded that, considering the Plaintiff's age, education, work experience, and RFC, there are other jobs exiting in the national economy that the Plaintiff is capable of performing including file clerk, general clerk, hand packager, change house attendant, salvage laborer, marker, housekeeping cleaner, and router. [Id. at 36-37]. The ALJ therefore concluded that the Plaintiff was not "disabled" as defined by the Act from February 21, 2014, the alleged onset date, through February 15, 2019, the date of the decision. [Id. at 37].

## V. DISCUSSION[1]

The Plaintiff presents three assignments of error. First, the Plaintiff asserts that the ALJ improperly discounted the opinions of Dr. Hall so that substantial evidence does not support the ALJ's physical RFC determination. [Doc. 8 at 12–17]. Second, the Plaintiff argues that the ALJ failed to account for the Plaintiff's moderate difficulties with concentration, persistence, or pace in the RFC. [Id. at 17–24]. Finally, the Plaintiff assigns error to the ALJ's evaluation of the Plaintiff's credibility. [Id. at 24–29].

---

[1] Rather than set forth a separate summary of the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

## A. The Plaintiff's Credibility

The Plaintiff argues that the ALJ improperly rejected his testimony that he could not perform simple tasks. The Plaintiff argues that the ALJ selectively cited evidence and did not explain how she concluded that the Plaintiff's activities were inconsistent with his reports or consistent with the ability to work. [Doc. 8 at 24].

The RFC representants "the most [a claimant] can do despite [his or her] limitations." 20 C.F.R. § 404.1545(a)(1). The ALJ is responsible for determining a claimant's RFC, id. § 404.1546(c), based on "all of the relevant evidence in the [claimant's] case record." Id. § 404.1545(a)(1). In forming the RFC, the ALJ "must both identify evidence that supports [her] conclusion and build an accurate and logical bridge from that evidence to [her] conclusion." Woods v. Berryhill, 888 F.3d 686, 694 (4th Cir. 2018) (brackets, emphasis, and internal quotation marks omitted); see also Monroe, 826 F.3d at 189. An ALJ's RFC "assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." Mascio, 780 F.3d at 636 (citing Social Security Ruling 96-8p). In discussing the activities of daily living as evidence of an RFC, the ALJ must consider both the type and extent of those activities.

9

Woods, 888 F.3d at 694-95 (noting that an ALJ erred by considering that a claimant could "maintain her personal hygiene, cook, perform light household chores, shop, socialize with family members, and attend church services on a regular basis" without considering the claimant's struggles with accomplishing those activities and the fact that "some days, she spends the entire day on the couch"); Brown v. Comm'r Soc. Sec. Admin., 873 F.3d 251, 263 (4th Cir. 2017).

Here the ALJ considered the type of activities that the Plaintiff can do without considering the extent the Plaintiff can do them. For example, the ALJ stated that the Plaintiff is able to "get his kids ready for school, drive his children to events, go shooting, do simple chores like laundry, pay attention to television programs, and attend ball games." [T. at 30–33]. In considering the Plaintiff's ability to get his children ready for school, the ALJ failed to consider the Plaintiff's statements that he has to use alarms to help remember what time to get them to the bus stop or he will forget. [Id. at 68–69]. In referring to the Plaintiff's ability to drive his children to events, the ALJ addresses the fact that the Plaintiff states that he can only drive his children to local events, where he is familiar with the location, but otherwise he has to obtain a ride. [Id. at 70]. The ALJ states that the Plaintiff goes shooting without considering the fact that the Plaintiff does not "actively go to the

range or outside the range," instead shoots in his backyard and does not shoot very often. [Id. at 55, 73]. In discussing the Plaintiff's ability to do laundry, the ALJ does not consider the fact that the Plaintiff says he has to take a nap after he does the laundry because he is tired afterwards. [Id. at 71–72].

While the ALJ mentioned the types of activities that the Plaintiff performs she never explained the extent to which the Plaintiff could carry out the activities based on the limitations listed above. The ALJ's ultimate conclusions as to Plaintiff's limitations may be correct, but the Court cannot be left to guess how those conclusions were reached. Woods, 888 F.3d at 694. Under these circumstances, the Court cannot affirm the ALJ's finding of no disability without a showing of substantial evidence to support her findings at each step of the sequential evaluation process. Mascio, 780 F.3d at 637.[2]

---

[2] Because the Court has determined that a remand is necessary on this ground, the Court need not address the Plaintiff's other assignments of error. However, when the ALJ examines the extent and type of activity the Plaintiff can perform it may implicate other aspects of the analysis. For example, in determining the Plaintiff's mental RFC the ALJ discounted the need for additional limitations due to the Plaintiff's moderate limitations in concentration, persistence, and pace in part because of the Plaintiff's "activities." [T. at 33].

11

## VI. CONCLUSION

Because this Courts lacks an adequate record of the basis for the ALJ's decision, it cannot conduct a meaningful review of that ruling. See Radford, 734 F.3d at 295. In assessing the Plaintiff's limitations on remand, the ALJ should consider not just the type of daily activities performed by the Plaintiff, but also the extent to which he can perform such activities. Brown, 873 F.3d at 263; see also Woods, 888 F.3d at 694.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Summary Judgment [Doc. 7] is **GRANTED**, and that the Defendant's Motion for Summary Judgment [Doc. 11] is **DENIED**. Pursuant to the power of this Court to enter judgment affirming, modifying or reversing the decision of the Commissioner under Sentence Four of 42 U.S.C § 405(g), the decision of the Commissioner is **REVERSED** and the case is hereby **REMANDED** for further proceedings consistent with this decision.

**IT IS SO ORDERED.**

Signed: March 10, 2021

Martin Reidinger
Chief United States District Judge