IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:20-cv-00083-MR

| | |
|---|---|
| CALVIN W. MULLIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| KILOLO KIJAKAZI,[1] Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Fees Pursuant to the Equal Access to Justice Act [Doc. 16].

**I.    BACKGROUND**

The Plaintiff initiated this action on February 10, 2020, seeking review of the denial of his claim for benefits by the Commissioner under the Social Security Act. [Doc. 1]. The Plaintiff's Complaint was filed by George C. Piemonte, an attorney who is licensed to practice in North Carolina and admitted to practice before this Court.

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021, and is therefore substituted in this action as the named defendant. See Fed. R. Civ. P. 25(d).

The Commissioner filed an Answer to the Plaintiff's Complaint on April 20, 2020. [Doc. 5]. Thereafter, the parties filed their respective Motions for Summary Judgment and memoranda in support thereof. [Docs. 7, 8, 11, 12].

On March 10, 2021, the Court entered an Order granting the Plaintiff's Motion for Summary Judgment and denying the Defendant's Motion for Summary Judgment and remanded the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). [Doc. 14]. On June 1, 2021, the Plaintiff filed a Motion for Fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d). [Doc. 16]. Specifically, the Plaintiff seeks an award in the amount of $10,707.82, representing 51.6 hours of work performed by his attorneys George Piemonte and Laura Beth Waller[2] at the rate of $207.67 to $209.05 per hour, as well as an award of costs in the amount of $421.45. [See Docs. 16, 17-2]. On June 15, 2021, the Commissioner filed a Memorandum in Opposition to the Plaintiff's request for attorney's fees. [Doc. 19]. On June 21, 2021, the Plaintiff filed a Reply to the Commissioner's Memorandum in Opposition. [Doc. 20].

Having been fully briefed, this matter is ripe for disposition.

---

[2] The Court notes that attorney Waller appears on the Plaintiff's briefs as the attorney "on brief." [Docs. 8 at 30, 13 at 6]. Counsel is reminded that, under the Local Rules, each attorney appearing of record in any matter, including "on brief," must file a notice of appearance. See LCvR 83.1(e).

## II. DISCUSSION

Under the Equal Access to Justice Act ("EAJA"), the Court must award attorney's fees to a prevailing party in a civil action brought against the United States unless the Court finds that the Government's position was "substantially justified or that special circumstances" would make such an award unjust. 28 U.S.C. § 2412(d)(1)(A). Because the Court remanded this case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g), the Plaintiff is properly considered a "prevailing party" in this action. See Shalala v. Schaefer, 509 U.S. 292, 302 (1993).

While conceding that the Plaintiff is a prevailing party in this action and is therefore entitled to a fee award, the Commissioner argues that the number of hours claimed by the Plaintiff is excessive and includes tasks that are non-compensable.[3] [Doc. 19]. Accordingly, the Commissioner argues that the Plaintiff's requested fee award should be substantially reduced. [Id.].

### A. Hourly Rate

Regarding an attorney's hourly rate, the EAJA provides, in pertinent part, as follows:

> The amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall

---

[3] The Commissioner does not object to the hourly rates sought by the Plaintiff's counsel. [Doc. 19 at 1-2 n.1].

3

> not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A). The decision to grant an upward adjustment of this statutory cap is a matter within the Court's sound discretion. Payne v. Sullivan, 977 F.2d 900, 903 (4th Cir.1992).

The Plaintiff requests an hourly rate of $206.97 to $209.05 for services performed by his attorneys from February through October 2020. [Doc. 17-2 at 3]. The Plaintiff arrived at this rate by calculating the cost-of-living increase, as reflected by the Consumer Price Index ("CPI") for all urban consumers in the United States (hereinafter "CPI-Urban"), between March 1996, the EAJA's most recent reenactment, and the dates of the services performed in the Plaintiff's case—February through October 2020. [Docs. 17-2, 17-3]. The Plaintiff then applied that percentage increase to the statutorily set rate of $125.00 per hour. [Id.]. The Commissioner does not challenge the Plaintiff's hourly rate computation. [Doc. 19 at 1-2 n.1].

Therefore, the Court finds that the cost-of-living increase since the EAJA was last amended in 1996 warrants an adjustment of the statutory hourly rate and that the CPI-Urban is an appropriate measure by which to calculate that adjustment. See Sullivan v. Sullivan, 958 F.2d 574, 576 (4th

Cir. 1992) (noting "that section 2412(d)(2)(A) requires the use of a broad cost-of-living index"); Peek v. Astrue, No. 1:09cv301, 2010 WL 5211499, at *2 (W.D.N.C. Dec. 15, 2010) (noting that the CPI-Urban is "[c]ustomarily" accepted as an appropriate measure to calculate an adjustment of the statutory rate).

Accordingly, the Court will apply the annual aggregated CPI-Urban for 2020 to calculate the cost-of-living adjustment. The adjusted hourly rate for the Plaintiff's legal work fluctuated from $206.97 per hour to $209.05 per hour during the time the Plaintiff's attorneys worked on his case. [See Docs. 17-2, 17-3]. Accounting for this range, the Court will award the Plaintiff fees based on an average hourly rate of $208.00 per hour for work performed by counsel in 2020.

## B. Number of Hours Charged

Under the EAJA, an award of attorney's fees must be "'reasonable,'" both with respect to the hourly rate charged and the number of hours claimed. See Hyatt v. Barnhart, 315 F.3d 239, 248 (4th Cir. 2002) (quoting 28 U.S.C. § 2412(d)(2)(A)(ii)). The fee applicant bears the burden of demonstrating that the number of hours charged is reasonable. See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The Court has discretion to

determine what constitutes a reasonable fee award.  May v. Sullivan, 936 F.2d 176, 177 (4th Cir. 1991) (per curiam) (citation omitted).

The Plaintiff's attorneys claim a total of 51.6 hours of work on this case. [Doc. 16].  Attorney Waller claims 36.1 hours of work preparing the summary judgment brief and 12.5 hours of work preparing the reply brief, for a total of 48.6 hours of work on the Plaintiff's case.  [Doc. 17-2 at 1-2].  Attorney Piemonte claims 1.0 hours of work preparing the Complaint, 1.2 hours of work revising the summary judgment brief, and 0.8 hours revising the reply brief, for a total of 3.0 hours of work on the Plaintiff's case.  [Id.].

The Commissioner argues that the time spent preparing the briefs is excessive and includes time for duplicative or otherwise non-compensable tasks.  [Doc. 19 at 3-7].  The Plaintiff, on the other hand, claims that counsel's hours are reasonable.  [Doc. 20].  Specifically, the Plaintiff contends that the time Attorney Waller claims for preparing the medical index is compensable because the medical index saved Attorney Waller time in drafting the summary judgment brief.  [Id. at 2-3].  Furthermore, the Plaintiff asserts that the hours his counsel claims for drafting the briefs is reasonable considering the fact-intensive nature of Social Security cases, the voluminous administrative record, and the number of hours compensated in Social Security cases heard before other courts.  [Id. at 3-10, 13].  Finally, the

6

Plaintiff argues that the hours his counsel claims for the reply brief are reasonable considering the need to directly respond to the arguments raised by the Commissioner, and that the hours Attorney Piemonte spent reviewing Attorney Waller's work are compensable. [Id. at 10-13].

Upon careful review of counsel's time sheets and affidavits, the Court finds that many of the hours claimed by the Plaintiff's attorneys in litigating this matter are unreasonable because they are duplicative, excessive, and inclusive of non-compensable tasks. See Hensley, 461 U.S. at 433-34. Accordingly, the Court will reduce the Plaintiff's hours as explained below.

First, Attorney Piemonte claims a total of 2.0 hours spent reviewing Attorney Waller's drafts of the briefs. [Doc. 17-2 at 1-2]. This time spent by Attorney Piemonte is in addition to the 2.6 hours Attorney Waller already claims for reviewing, revising, and editing the briefs. [Id.]. The Court finds the time Attorney Piemonte spent reviewing the work of his co-counsel both duplicative and excessive. See Hensley, 461 U.S. at 434 (explaining that counsel should "exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary"); Trim v. Astrue, No. 2:09cv30, 2012 WL 1340671, at *3 (W.D.N.C. Apr. 18, 2012) (deducting the time two attorneys spent reviewing summary judgment briefs drafted by another

7

attorney). Accordingly, the Court will deduct 2.0 hours from the time claimed by Attorney Piemonte.

Second, Attorney Waller's entries include the completion of non-compensable clerical tasks. Attorney Waller claims 2.5 hours for completing the "medical index" and 0.8 hours for completing "exhibit B." [Doc. 17-2 at 1; See also Docs. 8-1 (medical index), 8-2 (exhibit B)]. Generally, clerical tasks are not compensable. See Missouri v. Jenkins, 491 U.S. 274, 288 n.10 (1989). "A prevailing party may recover fees only for work that is traditionally done by an attorney." Thayer v. Saul, No. 3:19-CV-00279-GCM, 2020 WL 4208061, at *2 (W.D.N.C. July 22, 2020) (citing Jean v. Nelson, 863 F.2d 759, 778 (11th Cir. 1988)).

The Plaintiff's medical index identifies and summarizes the medical records located in the administrative record but contains no "formal legal analysis." Id.; [See Doc. 8-1]. While the medical index may be a helpful tool for drafting the summary judgment brief, the fact that the medical index is useful for completing legal work does not make the creation of the medical index a compensable task. See Jenkins, 491 U.S. at 288 n.10 (noting that some tasks are clerical "regardless of who performs them" and the value of non-legal work does not increase "'just because a lawyer does it'" (citation omitted)). Additionally, the medical index is duplicative of the court transcript

8

index included with the administrative record. [Compare Doc. 8-1, with Doc. 6-2 at 1-3]. Further, the Plaintiff cites directly to the administrative record in his summary judgment brief—making the Plaintiff's medical index even more superfluous. [See, e.g., Doc. 8 at 3]. Therefore, the Court finds that the preparation of the medical index is a superfluous, "clerical task, which is not compensable." Thayer, 2020 WL 4208061, at *2. Accordingly, the Court reduces Attorney Waller's time by 2.5 hours.

The creation of the Plaintiff's exhibit B is also a superfluous, "clerical task, which is not compensable." Id. The Plaintiff's exhibit B is merely a copy of a section of the Dictionary of Occupational Titles that features an unhelpful collection of highlighted occupations. [See Doc. 8-2]. The Plaintiff's exhibit B is particularly unhelpful because it highlights the Plaintiff's past role as an "Animal Treatment Investigator"—a role the Plaintiff can no longer perform—but fails to highlight the occupation of "Salvage Laborer"— a role the ALJ determined the Plaintiff could still perform. [See Docs. 8-2 at 1-9, 6-3 at 35-38]. As such, the preparation of this exhibit is a clerical task, and the exhibit is superfluous. See Hensley, 461 U.S. at 434; Thayer, 2020 WL 4208061, at *2. Accordingly, the Court further reduces Attorney Waller's time by 0.8 hours.

Third, the time Attorney Waller claims for preparing the summary judgment brief is excessive considering Attorney Waller's experience and the nature of the task. In her Affidavit, Attorney Waller acknowledges that she has over ten years of legal experience and has focused her practice on Social Security cases. [See Doc. 17-6 at 1-2]. In fact, Attorney Waller asserts that she has "been counsel or drafted briefs in more than 200 district court [Social Security] cases." [See id. at 2]. Despite her extensive experience, Attorney Waller claims 36.1 hours of work preparing the summary judgment brief and 12.5 hours of work preparing the reply brief. [Doc. 17-2 at 1-2]. Even after the Court deducts the 3.3 non-compensable hours Attorney Waller claims for creating the medical index and exhibit B, Attorney Waller would still be compensated for 32.8 hours of work on the summary judgment brief alone.

This 32.8-hour figure is slightly higher than the Court expects from an attorney with Attorney Waller's level of experience. See Gibby v. Astrue, No. 2:09cv29, 2012 WL 3155624, at *6 (W.D.N.C. Aug. 2, 2012) ("[A]n attorney experienced in this field should have been able to review the administrative record and produce a brief in a case such as this one within twenty-five hours." (citation omitted)). But the 1,784-page administrative record in this case makes the higher time figure more understandable. [See Doc. 6-2];

10

Case 3:20-cv-00083-MR    Document 21    Filed 09/24/21    Page 10 of 15

Gibson v. Colvin, No. 7:13–CV–62–BO, 2015 WL 728251, at *2 (E.D.N.C. Feb. 19, 2015) ("Given that the record in this case was over 1000 pages long, the number of hours spent is not excessive."). Nevertheless, while it is reasonable to spend more time drafting the facts for a case with a lengthy administrative record, it is not reasonable to spend 16.7 hours researching and drafting commonly raised arguments. [See Doc. 17-2]; Hensley, 461 U.S. at 430 n.3 (noting that a court should consider "the novelty and difficulty of the questions [presented]" in determining a fee award (citation omitted)).

For example, Attorney Waller spent 6.4 hours drafting the Plaintiff's Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015) argument. [Doc. 17-2 at 1]. Arguments based on Mascio are common in this circuit. See Patterson v. Comm'r of Soc. Sec. Admin., 846 F.3d 656, 663 (4th Cir. 2017) (noting that the unexplained ALJ conclusions addressed in Mascio are "all too common among administrative decisions challenged in this court"). Given Attorney Waller's significant legal experience and focus on Social Security cases, 6.4 hours spent on this argument alone is excessive. Accordingly, the Court will further reduce Attorney Waller's time by 2.8 hours—for a total of 30.0 hours for the summary judgment brief.

Fourth, the time Attorney Waller spent completing the reply brief is excessive considering her significant legal experience and the time already

spent completing the summary judgment brief. The reply brief is five pages of text with a sixth page dedicated to signature blocks. [See Doc. 13]. Attorney Waller, however, claims 12.5 hours for completing the reply brief. [Doc. 17-2 at 2]. While the Plaintiff's attorneys had to spend time reviewing the Commissioner's summary judgment brief and developing the Plaintiff's arguments in response, the time Attorney Waller claims for completing the reply brief remains excessive—even considering the lengthy administrative record. Accordingly, the Court further reduces Attorney Waller's time by 2.5 hours for a total of 10.0 compensable hours for the reply brief.

Therefore, the Court finds that Attorney Piemonte reasonably spent 1.0 hours on the Plaintiff's case and Attorney Waller reasonably spent 40.0 hours on the Plaintiff's case for a total of 41.0 compensable hours. This figure is at the high end of the standard range of compensable hours for Social Security cases in this circuit, but is reasonable in light of the lengthy administrative record. See Johnson v. Saul, No. 5:18-cv-00152-FDW, 2020 WL 6065308, at *2 (W.D.N.C. Oct. 14, 2020) (collecting cases).

### III. CONCLUSION

After consideration of the deductions outlined above, the Court will award the Plaintiff $8,528.00 in attorney's fees. The Court reached this amount by multiplying the reasonable hours expended by the Plaintiff's

counsel—41.0 hours—by the reasonable average rate for those hours—$208.00 per hour. The $8,528.00 award is sufficient to compensate the Plaintiff's attorneys for time reasonably spent on the Plaintiff's case without creating a "'windfall[]'" for the Plaintiff's counsel. Hyatt, 315 F.3d at 254 (citation omitted) (citing Hensley, 461 U.S. at 430 n.4).

The Plaintiff requests that the EAJA award be paid directly to the Plaintiff's counsel as the Plaintiff's assignee. [Doc. 16 at 1]. In support of this request, the Plaintiff has submitted a fee agreement executed by the Plaintiff, pursuant to which the Plaintiff has agreed to assign any EAJA award in favor of counsel. [Doc. 17-1 at 1]. The Commissioner should accept the Plaintiff's assignment of the awarded fees to the Plaintiff's counsel, and—upon receiving the assignment—the Commissioner shall pay the award of fees directly to the Plaintiff's counsel, provided that the Plaintiff does not owe any debts to the federal government, which are "subject to offset." Astrue v. Ratliff, 560 U.S. 586, 594 (2010).

# **ORDER**

**IT IS, THEREFORE, ORDERED** that:

(1) The Plaintiff's Motion [Doc. 16] is hereby **GRANTED IN PART** to the extent that the Plaintiff is hereby awarded attorney's fees in the amount of Eight Thousand Five Hundred and Twenty-Eight Dollars ($8,528.00), which sum is in full satisfaction of all claims by the Plaintiff in this case pursuant to 28 U.S.C. § 2412(d);

(2) Within thirty (30) days of the entry of this Order, or some other time as determined by the Court upon good cause shown, the Commissioner shall inform the Plaintiff's counsel whether the Plaintiff owes a debt to the Government by which this fee award may be offset. And, before any funds are disbursed to the Plaintiff's counsel, the Plaintiff's counsel shall provide a valid fee assignment to the Commissioner;

(3) **IT IS FURTHER ORDERED** that Four Hundred Twenty-One Dollars and Forty-Five Cents ($421.45) in costs shall be reimbursed to the Plaintiff from the Treasury Judgment Fund upon certification thereof by the Office of the United States Attorney to the Department of Treasury;

(4) In the event that past-due benefits are awarded on remand, the Plaintiff shall have sixty (60) days after being served with notice of the past-

due benefits award to file for an award of fees pursuant to the Social Security Act, 42 U.S.C. § 406(b); and

(5)     No additional Petition pursuant to 28 U.S.C. § 2412(d) may be filed.

**IT IS SO ORDERED.**

Signed: September 24, 2021

Martin Reidinger
Chief United States District Judge